UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEMETRIS J. FULFORD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:16-cv-01692-VEH-JHE |
| | ) |
| CO1 MARKIS L. CRAWFORD, | ) |
| | ) |
|     Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). The plaintiff names the following defendant in the complaint: CO1 Markis L. Crawford. (*Id.* at 3). The plaintiff seeks monetary and injunctive relief. (*Id.* at 4). In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

**I. Factual Allegations**

The plaintiff is an inmate at the Bullock Correctional Facility, and defendant Crawford is a corrections officer assigned to that facility. (*Id.* at 2-3). The plaintiff alleges that on October 2, 2016, defendant Crawford handcuffed him and "locked" him "in a segregation cell" with another inmate from "7:30 a.m. until 10:52 p.m." (*Id.* at 3). The plaintiff notified Officer Steeter of his predicament, and at 10:48 p.m., Steeter's supervisor, Sgt. Foster, escorted the plaintiff to the infirmary for "a medical body chart." (*Id.*).

**II. Analysis**

A federal action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b); s*ee also Nails v. Coleman Low Federal Inst*., 440 Fed. Appx. 704, 706 (11th Cir. 2011). "Only the events that directly give rise to a claim are relevant." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).

The plaintiff's allegations suggest no connection to the Northern District of Alabama. Neither the plaintiff nor the defendant is located in the Northern District of Alabama, and the incident about which the plaintiff complains occurred at the Bullock Correctional Facility, which is located in the Middle District of Alabama. Accordingly, in the interest of justice, this action is due to be transferred to the United States District Court for Middle District of Alabama. 28 U.S.C. § 1404(a).

### III.  Recommendation

For the foregoing reasons, the magistrate judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama.

### IV.  Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all

claims contained in the complaint which the report and recommendation fails to address. Objections should not contain new allegations or present additional evidence.

Upon receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 2nd day of November, 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE